**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
treyd@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Allen;<br><br>          Plaintiff,<br><br>     vs.<br><br>AZ Security Force, LLC, an Arizona limited liability company; Sean Purdy and Allyson Kaye Hepting, husband and wife | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Michael Allen, for his Complaint against Defendants, alleges as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit

Case 2:15-cv-01414-SPL Document 1 Filed 07/24/15 Page 2 of 12

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendants had a consistent policy and practice of requiring employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or

Complaint and Demand for Jury Trial    Page 2

representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10. At all times material hereto, AZ Security Force LLC was incorporated in the State of Arizona, and has its principal place of business in Arizona at 14632 North Yerba Buena Way #C, Fountain Hills, Arizona 85268.

11. Upon information and belief, at all times material hereto, Defendant Sean Purdy, was and continues to be a resident of Arizona.

12. Upon information and belief, at all times material hereto, Defendant Allyson Kaye Hepting, was and continues to be a resident of Arizona

13. Allyson Kaye Hepting is Sean Purdy's wife. Sean Purdy and Allyson Kaye Hepting have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

14. Upon information and belief, and consistent with the information available from the Arizona Secretary of State, Defendants Sean Purdy and Allyson Kaye Hepting was and is the owner of AZ Security Force, LLC.

15. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

16. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

17. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

18. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

19. Defendants Sean Purdy and Allyson Kaye Hepting are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with AZ Security Force, LLC.

20. All Defendants are co-equally liable for all matters.

21. On information and belief, Defendants Sean Purdy and Allyson Kaye Hepting made all decisions on the daily activities of their employees and make all decisions regarding pay policies and exerted financial and operative control over AZ Security Force, LLC and are therefore individually liable under the FLSA.

22. Defendants Sean Purdy and Allyson Kaye Hepting had the power to close AZ Security Force, LLC.

23. Defendants Sean Purdy and Allyson Kaye Hepting had the power to hire and fire employees.

24. On information and belief, Defendants Sean Purdy and Allyson Kaye Hepting hired managerial employees.

25. On information and belief, Defendants Sean Purdy and Allyson Kaye Hepting maintained employment records.

26. Defendants Sean Purdy and Allyson Kaye Hepting profited from the FLSA violations detailed in this complaint.

27. At all times material to this action, each of the Defendants were and continue to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

28. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

29. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

30. AZ Security Force, LLC hired Plaintiff in approximately April of 2014 as a security guard.

31. AZ Security Force, LLC contracted with clientele to provide security guards.

32. Plaintiff's job responsibilities included patrolling industrial and commercial premises to prevent and detect signs of intrusion and ensure security of doors, windows, and gates.

33. AZ Secuity Force LLC would inform Plaintiff of his weekly schedule using a website, www.whentowork.com.

34. For example, Plaintiff was scheduled and worked for 294 hours of work in August of 2014, 376 hours of work in September of 2014, approximately 419.5 hours in October of 2014, approximately 340 hours in November of 2014, 252.25 hours of work

for December of 2014, 292 hours in January of 2015, 213 hours in February of 2015, 248 hours in March of 2015, 240 hours of work in April of 2015, and 274 hours of work in May of 2015.

35. The preceding paragraph #34 is just an example as Plaintiff worked at least that many hours during those months.

36. Plaintiff's usual schedule consisted of five to seven days per week.

37. Plaintiff's hours worked varied, Plaintiff would work between eight (8) to twenty-fours (24) hours per day.

38. Every week in which Plaintiff worked his full schedule, he worked more than 40 hours in a week.

39. AZ Security Force, LLC compensated Plaintiff at an hourly rate.

40. Plaintiff's hourly rate varied from $10-$12 per hour, but his minimum hourly rate was $10 per hour. His rate could increase to $11 or $12 per hour depending on what site he worked from and whether he was performing armed guard services.

41. Plaintiff was a non-exempt employee.

42. Even if Plaintiff was an exempt employee, Defendants waived the right to claim the administrative or managerial exemption to the FLSA because they paid Plaintiff an hourly rate.

43. Plaintiff had no real supervision or management responsibilities.

44. Plaintiff could neither hire nor fire employees. Sean Purdy made all decisions on whom to hire and fire.

45. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

46. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

47. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of AZ Security Force, LLC or its' customers.

48. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

49. Plaintiff would work on average sixty (60) to one hundred (100) hours per week for AZ Security Force, LLC without receiving overtime compensation at time and one half his regular hourly rate.

50. Defendants would only compensate Plaintiff at his regular rate for all his hours worked.

51. Defendants did not compensate Plaintiff at one and a half times his regular rate for his overtime hours worked.

52. For example for the pay period of 7/22/2014-8/7/2014 Plaintiff worked 182 hours and was compensated $2,002 for those hours, which is $11 per hour. He was not compensated at time and one half for the 102 hours of overtime he worked during this two week period.

53. As further example, for the pay period 6/22/2014-7/7/2015 Plaintiff worked 192 hours and was compensated $2,112 for those hours, which is $11 per hour. He was not compensated at time and one half for the 112 hours of overtime he worked during this two week period.

54. Paragraphs 52 and 53 of this complaint are just examples, as Plaintiff regularly and consistently worked overtime while he was employed by Defendants.

55. Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute his claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

56. Plaintiff incorporates and adopts paragraphs 1 through 55 above as if fully set forth herein.

57. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

58. Plaintiff was a non-exempt employee.

59. Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

60. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

61. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

62. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

63. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

64. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

65. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

      b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

      c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

      d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

      e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

      f.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

66. Plaintiff incorporates and adopts paragraphs 1 through 65 above as if fully set forth herein.

67. Plaintiff and Defendants have an overtime compensation dispute pending.

68. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

69. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

      a.  Defendants employed Plaintiff.

b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

c. Plaintiff individually is covered by the overtime provisions of the FLSA.

d. Plaintiff was not an exempt employee pursuant to the FLSA.

e. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

f. Defendants' failures to pay overtime compensation to Plaintiff were willful.

g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

h. Plaintiff is entitled to an equal amount as liquidated damages.

i. Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

70. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

71. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: July 24, 2015

Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**
By: /s/ Trey Dayes
    Trey Dayes
    Attorney for Plaintiff